UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JAREL T. HAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00165-TWP-DML |
| | ) | |
| KENNY FREEMAN, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT, SEVERING CLAIMS,
AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Jarel Haines is an inmate at the Jennings County Jail. Because Mr. Haines is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint:

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Mr. Haines' complaint describes several incidents that took place in June and July of 2019. Some of these incidents appear to be unrelated to one another except to the extent that they involve Mr. Haines.

Some of Mr. Haines' allegations support claims that will proceed in this action. Some are sufficient to support claims that cannot be properly joined in one case and must be severed into separate actions. Others are insufficient to support plausible claims for relief and must be dismissed.

### A. Use of Force on July 8, 2019

Mr. Haines alleges that, on July 8, 2019, Lieutenant Evan Ponsler beat him, leaving him with broken bones, and denied him medical attention. Mr. Haines further alleges that Lieutenant Ponsler beat him at the direction of Jail Commander Jason Bliton. Based on these allegations, this action **shall proceed** with claims against Defendants Ponsler and Bliton pursuant to 42 U.S.C. § 1983 and the Eighth or Fourteenth Amendment.[1]

### B. Denial of Kosher Diet

Mr. Haines alleges that his religious beliefs require him to maintain a kosher diet and that Commander Bliton has denied him such a diet. This allegation supports a colorable claim that Commander Bliton (in his individual capacity) and Sheriff Kenny Freeman (in his official capacity) limited Mr. Haines' ability to practice his religious beliefs in violation of the First

---

[1] The complaint does not clarify whether Mr. Haines was incarcerated at the jail as a pretrial detainee or a convicted offender.

Amendment or the Religious Land Use and Institutionalized Persons Act (RLUIPA). However, these claims may not proceed in the same lawsuit as Mr. Haines' use-of-force claim described above.

Defendants may be joined in a single lawsuit only if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

Mr. Haines' force and diet claims involve different defendants and are based on different incidents and different legal issues. The question of whether Defendants Bliton and Ponsler used force against Mr. Haines unconstitutionally on July 8 is entirely separate from the question of whether Mr. Haines' religious freedoms have been violated.

When claims are misjoined, the Court has authority to "sever any claim." Fed. R. Civ. P. 21. In fact, it is preferable for the Court to sever misjoined claims, "allowing those grievances to continue in spin-off actions, rather than dismiss them." *Wilson v. Bruce*, 400 F. App'x 106, 108 (7th Cir. 2010) (citing Fed. R. Civ. P. 21; *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)).

Therefore, Mr. Haines' diet claim is **severed** and shall be considered in a separate action. The **clerk is directed** to open a new civil action in the New Albany Division consistent with the following:

(a) The plaintiff shall be Jarel Haines.

(b) The defendants shall be (1) Jail Commander Jason Bliton and (2) Sheriff Kenny Freeman.

(c) The Nature of Suit shall be 555.

(d) The Cause of Action shall be 42:1983pr.

(e) The clerk shall file copies of the complaint (dkt. 1) and this Entry in the new action.

(f) This action and the new action shall be shown as linked actions on the docket.

(g) The assignment of judicial officers shall be by random draw.

The Court will screen the diet claim pursuant to 28 U.S.C. § 1915A(b) once the new action is opened.

**C.     Other Uses of Force and Deprivation of Property, Visits, and Recreation**

Mr. Haines alleges that Commander Bliton took property from him, including a Bible, clothing, pictures, and legal work. He further alleges that Commander Bliton limited his visitation privileges and limited him to 30 minutes of recreation. Finally, he alleges that Commander Bliton threw a piece of paper at him and hit him on July 3, 2019, and that an officer whose name he does not know sprayed him with a squirt bottle on July 10, 2019.

Mr. Haines has provided no details regarding any of these actions. Without more information, the Court cannot infer that these threadbare allegations support federal civil rights claims.

The fact that Jail staff took Mr. Haines' property does not, by itself, amount to a violation of his constitutional rights. Although due process rights apply to inmates' deprivations of property, Indiana state law provides a remedy for such cases. *See DKCLM, Ltd. v. Cnty. of Milwaukee*, 794 F.3d 713, 716 (7th Cir. 2015) ("[A]n adequate state remedy for a deprivation for a deprivation of property provides all the due process that a plaintiff suing state officers for such deprivation is entitled to."); *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("To the extent that Watkins relies on the destruction of his personal legal materials, his complaint is better characterized as a deprivation of property claim, for which he may seek relief at state law."); *Wynn v. Southward*,

251 F.3d 588, 592–593 (7th Cir. 2001) ("The district court properly dismissed Wynn's Fourteenth Amendment claims for deprivation or destruction of personal property . . . . Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Without more information about why and how his property was taken, Mr. Haines cannot raise a plausible claim based on the deprivation of his property.

Similarly, Mr. Haines' allegations regarding visitation and recreation are do not include sufficient facts to support plausible claims for relief. For example, the Seventh Circuit has "recognized that lack of exercise can rise to a constitutional violation" when an inmate's movement is restricted to the point where his health is threatened. *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015). It has also made clear, however, that not all restrictions on exercise violate the Constitution. *Id.* ("[T]here is a significant difference between a lack of outdoor recreation and an inability to exercise."). The same is true of restrictions on visitation. *See Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (noting that it cannot "seriously be contended" that the Fourteenth Amendment grants prisoners a right to "unfettered visitation"). Mr. Haines' complaint does not allege facts that allow the Court to infer that his recreation and visitation restrictions were unconstitutional.

Finally, "not every use of force is a punishment" that violates an inmate's rights. *Husnik v. Engles*, 495 F. App'x 719, 721 (7th Cir. 2012) (finding that officer's use of taser against pretrial detainee was reasonable under the circumstances). The fact that Commander Bliton threw a piece of paper at Mr. Haines and hit him, or that an officer sprayed him with a squirt bottle, does not necessarily mean that a constitutional violation occurred. Without more information about, for example, the degree of force used, the circumstances preceding the use of force, or the extent and nature of any injury Mr. Haines suffered, the Court cannot infer a plausible claim for relief.

5

In sum, these allegations all relate to rights Mr. Haines held as a prisoner, but they all lack enough detail to support an inference that the officers' actions violated those rights. The claims described in this section are therefore **dismissed** for **failure to state a claim** upon which relief may be granted. If Mr. Haines wishes to reassert these claims with sufficient supporting allegations, he must consider whether they may be properly joined with the use-of-force claims already proceeding in this action as discussed in Part II(B) above.

### III. Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) Jason Bliton and (2) Evan Ponsler in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint (dkt. 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. Counsel has already appeared for the defendants and may be served electronically.

### IV. Conclusion

In conclusion:

- This action **shall proceed** with claims against Defendants Ponsler and Bliton pursuant to 42 U.S.C. § 1983 and the Eighth or Fourteenth Amendment.

- The **clerk is directed** to issue process to Defendants Ponsler and Bliton as discussed in Part III above.

- The **clerk is directed** to update the docket to reflect that Defendants Ponsler and Bliton are the only defendants in the action and terminate all other defendants.

- Mr. Haines' diet claim is **severed**, and the **clerk is directed** to open a new civil action as discussed in Part II(B).

- The claims discussed in Part III(C) are **dismissed** for **failure to state a claim** upon which relief may be granted.

- The claims discussed in Part III are the only claims the Court has identified in the complaint. If Mr. Haines believes he asserted additional claims not

discussed in Part III, he shall have **through December 16, 2019**, to notify the Court.

**IT IS SO ORDERED.**

Date: 11/21/2019

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAREL T. HAINES
21634
JENNINGS COUNTY JAIL
925 S. State
P.O. Box 367
Vernon, IN 47282

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com